IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case Number CR-97-105-C |
| | ) | |
| DAVID RAY GADDIS, | ) | |
| | ) | |
| Defendant. | ) | |

**<u>MEMORANDUM OPINION AND ORDER</u>**

Before the Court is Defendant's Motion for Writ of Error Coram Nobis.  Plaintiff filed

a Response, to which Defendant filed a Reply.  The matter is now at issue.

Defendant seeks the writ to reverse, dismiss, or otherwise vacate his conviction and

sentence.  According to Defendant, this relief is necessary because he is actually innocent of the

crimes for which he stands convicted.  Plaintiff denies Defendant is entitled to any relief and

notes that Defendant has challenged his conviction three times, by direct appeal, by filing a 28

U.S.C. § 2255 motion with this Court, and then appealing the Court's decision on that § 2255

motion.  Plaintiff notes that at every turn Defendant's conviction has been upheld.

On June 17, 1997, an indictment was returned, charging Defendant with violations of 18

U.S.C. §§ 371, 1343, 1957(a), and 1956(a)(1(B)(I).  The first trial ended when the jury was

unable to reach a verdict; Defendant was convicted in a second trial and sentenced to a term of

46 months, and ordered to pay a substantial sum in restitution.  Defendant has now completed

sentence of imprisonment, but alleges he still suffers the effects of a felony conviction and

therefore is eligible for the relief sought herein.  In support of his motion, Defendant asserts his

trial counsel was ineffective in that she failed to understand that his actions and those of Mr. Aitken, the alleged co-conspirator, did not amount to a crime.  Defendant argues the evidence plainly shows the invoices were neither false nor fraudulent and that Sears was required to pay each of them.  Therefore, there was insufficient evidence to convict Defendant of the charged crimes.  Defendant's current counsel argues his trial counsel failed to understand the operative language of the governing agreements and thereby allowed Plaintiff to mislead the jury about the existence of a crime.

The writ of coram nobis is an "extraordinary remedy" allowed "only under circumstances compelling such action to achieve justice."  United States v. Morgan, 346 U.S. 502, 511 (1954). "To be entitled to [coram nobis] relief, the petitioner must demonstrate (1) an error of fact; (2) unknown at the time of trial; (3) of a fundamentally unjust character which would probably have altered the outcome of the challenged proceeding had it been known."  United States v. Johnson, 237 F.3d 751, 755 (6th Cir. 2001).  The Tenth Circuit has stated that Defendant has the burden to establish the right to relief.  "It is presumed that the proceedings leading to the conviction were correct . . . and the burden is on the petitioner to demonstrate that the asserted error is jurisdictional or constitutional and results in a complete miscarriage of justice."  Klein v. United States, 880 F.2d 250, 253 (10th Cir. 1989) (citations omitted).

Here, Defendant has failed to satisfy that burden on two fronts.  First, he has failed to demonstrate he exercised due diligence in pursuing the writ.  Defendant completed his sentence and was released from prison on September 4, 2003, but he did not file the present motion until July 25, 2005.  Defendant argues that he spent that time trying to find counsel but could not

afford the required retainer.  However, Defendant has failed to offer any authority demonstrating

counsel was required to present this matter.  Indeed, the nature of Defendant's argument, that he

was actually innocent and that the plain language of the agreements allowed him to act as he did,

seems clearly within the ability of a pro se litigant.  Defendant offers no explanation of why he

did not timely pursue this matter pro se and on that ground alone the motion may be denied.  Id.

at 254.

Defendant's motion is without merit for an additional reason.  The basis for Defendant's

motion is that his trial counsel failed to appreciate that the plain language of the agreements

permitted him to bill and receive payment prior to performing any work.  Defendant made this

argument in his direct appeal:  "Mr. Gaddis asserts that the evidence failed to demonstrate that

he intended to defraud Sears.  He contends that he was properly conducting business in the

manner legitimately authorized and directed by Aitken."  United States v. Gaddis, Case No. 98-

6273, 1999 WL 824416, **3 (10th Cir. Oct. 15, 1999).  And the argument was repeated in his

motion pursuant to 28 U.S.C. § 2255:

> Although the motion itself is couched in terms of ineffective assistance of
> counsel, the brief in support of the motion clearly demonstrates that defendant's
> arguments are to the sufficiency of the evidence, not the sufficiency of counsel's
> performance.  In page after page, defendant summarizes his view of the evidence
> at trial and attempts to demonstrate that it does not support the verdict.

June 28, 2000, Order Denying 28 U.S.C. § 2255 Motion.  "*Coram nobis* relief is not available

to litigate issues already litigated; it is reserved for claims which have yet to receive their first

disposition." <u>Klein</u>, 880 F.2d at 254, n. 1.<sup>*</sup> Thus, coram nobis does not provide Defendant with yet another bite at the apple and his request may be denied on this basis.

Defendant requests an evidentiary hearing so that he may present evidence that his trial counsel failed to understand the significance of the agreements and the fact that the plain language of those agreements precluded a finding of guilt. As noted above, Defendant may not relitigate this issue through the present motion; accordingly, there is no reason to hold an evidentiary hearing.

As set forth more fully herein, Defendant has failed to demonstrate that he exercised due diligence in seeking the writ and the issues he seeks to pursue have previously been fully and finally litigated. Accordingly, Defendant's Motion for Writ of Error Coram Nobis (Dkt. No. 141) is DENIED. A separate judgment will issue.

IT IS SO ORDERED this 12th day of October, 2005.


ROBIN J. CAUTHRON
United States District Judge

------------------

<sup>*</sup> In his opening brief, Defendant also argued the existence of newly discovered evidence, namely a memo which Defendant claims was exculpatory. However, Defendant filed an amendment recognizing that the memo was in fact known at the time of trial. Accordingly, there is no evidence from Defendant of newly discovered evidence warranting issuance of the writ.