IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case Number CR-97-105-C |
| ) | |
| DAVID RAY GADDIS, ) | |
| ) | |
| Defendant. ) | |

**MEMORANDUM OPINION AND ORDER**

Before the Court is Defendant's Motion to Reconsider and, in the Alternative, Motion for Relief Under FRCP 50, 59, & 60. In his motion, Defendant identifies eight purported errors committed by the Court when it denied his request for *coram nobis* relief. In the accompanying brief, Defendant provides argument in support of only two of those errors. However, Defendant has failed to raise any issue warranting a reversal of the Court's earlier decision.

In his brief, Defendant argues the Court erred by determining he had failed to exercise due diligence in pursuing his quest for *coram nobis* relief. Defendant argues the Court failed to provide any authority to support the finding that actively seeking the assistance of counsel was not exercising diligence. Defendant's argument misses the point. As the Court noted in its earlier Order, Defendant has the burden to establish the right to relief. "It is presumed that the proceedings leading to the conviction were correct . . . and the burden is on the petitioner to demonstrate that the asserted error is jurisdictional or constitutional and results in a complete miscarriage of justice." Klein v. United States, 880 F.2d 250, 253 (10th Cir.

1989) (citations omitted). Part of that burden is proof that Defendant exercised due diligence in seeking relief. Id. at 254 ("Klein failed to exercise due diligence in seeking the writ, a prerequisite to relief. See Hirabayashi v. United States, 828 F.2d 591, 604-605 (9th Cir. 1987) (petitioner must show valid reasons for not attacking the conviction earlier)."). Defendant in his earlier briefing and in the present motion has failed to satisfy his obligation. As the Court noted, Defendant did not file the present motion for nearly two years after being released from prison and he has failed to offer evidence demonstrating he acted with due diligence in that time period. Indeed, as the Court noted in its earlier Order, the only reason for the delay offered by Defendant is his attempt to secure counsel. However, Defendant has no right to counsel when pursuing a collateral attack on his conviction. See Pennsylvania v. Finley, 481 U.S. 551, 555 (1987):

> We have never held that prisoners have a constitutional right to counsel when mounting collateral attacks upon their convictions, see Johnson v. Avery, 393 U.S. 483, 488, 89 S.Ct. 747, 750, 21 L.Ed.2d 718 (1969), and we decline to so hold today. Our cases establish that the right to appointed counsel extends to the first appeal of right, and no further. Thus, we have rejected suggestions that we establish a right to counsel on discretionary appeals. Wainwright v. Torna, 455 U.S. 586, 102 S.Ct. 1300, 71 L.Ed.2d 475 (1982); Ross v. Moffitt, 417 U.S. 600, 94 S.Ct. 2437, 41 L.Ed.2d 341 (1974).

Thus, Defendant cannot rely on seeking counsel as an excuse for the delay in pursuing *coram nobis* relief.

The second argument set out in Defendant's brief asserts the Court's determination that he had previously raised certain arguments in his direct appeal and 28 U.S.C. § 2255 motion is in error. According to Defendant, although the facts on which his present argument

is based were raised in the previous motions, the present theory – the lack of evidence establishing that a crime had been committed – has never been litigated. The Court disagrees. As noted in the Order denying *coram nobis* relief, Defendant's direct appeal and his § 2255 motion argued that the evidence submitted by Plaintiff failed to demonstrate a crime had been committed. Defendant's attempts to distinguish his present arguments is unpersuasive. The evidence adduced at trial was sufficient to find Defendant guilty of the crimes charged.

The remainder of the arguments raised in Defendant's motion are undeveloped and on their face raise no issue warranting reconsideration of the Court's previous Order.

As set forth more fully herein, Defendant's Motion to Reconsider and, in the Alternative, Motion for Relief Under FRCP 50, 59, & 60 (Dkt. No. 166) is DENIED.

IT IS SO ORDERED this 3rd day of November, 2005.

ROBIN J. CAUTHRON
United States District Judge