IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case Number CR-97-105-C |
| ) | |
| DAVID RAY GADDIS, ) | |
| ) | |
| Defendant. ) | |

**MEMORANDUM OPINION AND ORDER**

In connection with Defendant's 1998 criminal conviction, he was ordered to pay $309,000 in restitution pursuant to the Mandatory Victims Restitution Act (MVRA), 18 U.S.C. § 3663A. All garnishment proceedings in this case have been referred to United States Magistrate Judge Robert Bacharach. On July 24, 2009, Plaintiff filed an Amended Post-Judgment Writ of Garnishment directed to Nationwide Life Insurance Company (Garnishee). Garnishee filed an answer indicating that it had possession of Defendant's interest in a 401(k) retirement plan. Defendant subsequently filed an Objection to the Garnishee's Answer, arguing that his retirement account is exempt from garnishment. On October 13, 2009, Judge Bacharach held a hearing on Defendant's Objection and issued an oral Report and Recommendation (R&R), finding that the retirement account was not exempt from garnishment, but that the government could not obtain the corpus of the account since, pursuant to the plan provisions, Defendant is not entitled to request a lump sum amount. Plaintiff and Defendant both filed objections to Judge Bacharach's R&R. As set forth more fully herein, the Court adopts Judge Bacharach's R&R in its entirety.

## DISCUSSION

### A. Defendant's Request for Hearing

Defendant requests that the Court conduct a hearing on his Objection to Judge Bacharach's R&R. Because Defendant has not pointed to any remaining factual dispute, the Court finds a hearing to be unnecessary. In addition, Defendant has filed a Motion for Emergency Hardship Relief from Garnishments wherein he requests that this Court, rather than Judge Bacharach, conduct an expedited evidentiary hearing on his motion. (See Dkt. No. 263.) Because the garnishment proceedings in this case were previously referred to Judge Bacharach in their entirety, the Court finds it appropriate to refer Defendant's Emergency Motion to him as well.

### B. Defendant's Objections to Judge Bacharach's R&R

First, Defendant argues that both his 2004 agreement with Plaintiff and the Court's 2007 Agreed Order rendered exempt all of Defendant's earnings, income, and assets aside from the amounts those documents required him to pay. Second, Defendant argues that the anti-alienation provision of ERISA, 29 U.S.C. §§ 1001, et seq., prevents the government from obtaining funds from his 401(k) retirement plan. Third, Defendant contends that, even if his retirement account is not exempt from garnishment, the government is not entitled to more than 25% of the account funds pursuant to the Consumer Credit Protection Act (CCPA), 15 U.S.C. §§ 1671, et seq. In addition, Plaintiff objects to Judge Bacharach's R&R, arguing that it should be entitled to immediately obtain the entire corpus of Defendant's retirement account.

1.  Agreements Between the Parties

In 2004, the parties signed a document entitled "Wage Assignment in Lieu of Garnishment" (2004 Agreement).  This document provided that Plaintiff would release the garnishment issued to Defendant's employer in return for Defendant's agreement to pay $100.00 per month in restitution.  On June 14, 2007, the parties reached a new agreement, memorialized in the Agreed Garnishment Order (2007 Agreed Order) issued by the Court. (See Dkt. No. 204).  Pursuant to the terms of this Order, Plaintiff agreed to accept $300.00 per month in restitution payments.  Plaintiff also agreed that it would not take any steps or measures to collect further restitution payments from Defendant while the Order remained in effect.  By its terms, the Order expired on May 1, 2009, at which point Plaintiff began attempting to collect further restitution payments.

Defendant contends that these two agreements preclude Plaintiff from obtaining the funds in his retirement account.  According to Defendant, this account was funded by direct deposit payments from his employer.  Many deposits were made during the time period governed by the two restitution agreements.  Because Defendant argues that the agreements rendered his income in excess of the agreed payment amounts exempt from collection, he contends that his retirement account is also immune.

Judge Bacharach found this argument to be unpersuasive.  He found nothing in the language of the 2004 Agreement or the 2007 Agreed Order that rendered exempt Defendant's income in excess of the agreed payment amount.  In addition, there was no language upon which Defendant could reasonably rely in concluding that his excess

income was exempt. The Court agrees with Judge Bacharach's decision and adopts his R&R on this point.

2. Anti-Alienation Provision of ERISA

Next, Defendant argues that the anti-alienation provision of ERISA, codified at 29 U.S.C. § 1056(d)(1), bars Plaintiff's garnishment of his retirement account. The MVRA requires a defendant convicted of certain crimes to make restitution to the victims of the offense in an amount equal to the value of the property damaged or lost. See 18 U.S.C. § 3663A(a)(1), (b)(1). According to 18 U.S.C. § 3613(a) and (f), "[n]otwithstanding any other Federal law," the government may enforce an order of restitution "against all property or rights to property of the person fined," with certain limited exceptions that do not apply in this case.

According to Judge Bacharach's R&R, the majority of courts to consider this issue have found that the MVRA constitutes a statutory exception to ERISA's anti-alienation provision, thereby permitting the government to reach such funds through garnishment proceedings. See United States v. Hosking, 567 F.3d 329 (7th Cir. 2009); United States v. Novak, 476 F.3d 1041, 1053 (9th Cir. 2007); United States v. Irving, 452 F.3d 110, 126 (2d Cir. 2006). The Court agrees and adopts Judge Bacharach's R&R on this point, finding that Defendant's retirement account is not exempt from garnishment.

3. Consumer Credit Protection Act does not limit the government's interest

Finally, Defendant contends that even if garnishment of his retirement account is proper, Plaintiff is limited to 25% of the funds contained therein pursuant to the CCPA.

4

That statute provides that the government may not obtain by garnishment more than 25% of a worker's disposable earnings in any workweek. See 15 U.S.C. § 1673(a). In the context of veterans benefits, which traditionally receive more protection than other types of disposable earnings, the Supreme Court has held that benefits lose their exempt status whenever they are converted into investments. See Trotter v. State of Tennessee, for Use and Benefit of Blount County, Tenn., 290 U.S. 354, 356-57 (1933); see also Lawrence v. Shaw, 300 U.S. 245, 250 (1937) (noting that "deposits in bank may be made under a special agreement by which the deposits assume the character of investments and would lose immunity accordingly"). As Judge Bacharach correctly noted, when Defendant's wages were deposited into his retirement account, they were essentially transformed into investments, since the value of the account could fluctuate depending on a number of market factors. Therefore, the Court adopts Judge Bacharach's R&R on this point and finds that Plaintiff's garnishment of Defendant's retirement account is not limited by the provisions of the CCPA

**C.     Plaintiff's Objection to Judge Bacharach's R&R**

Plaintiff objects to the portion of Judge Bacharach's R&R that found that Plaintiff could not immediately garnish the corpus of Defendant's retirement account. Judge Bacharach found persuasive the Ninth Circuit's reasoning in United States v. Novak, 476 F.3d 1041 (9th Cir. 2007). There, the court held that:

> the government can immediately garnish the corpus of a retirement plan to satisfy a MVRA judgment - rather than merely obtain post-retirement payments that otherwise would have gone to the defendant - if, but only if, the terms of the plan

5

allow the defendant to demand a lump sum payment at the present time. Id. at 1063. The court based its decision on the similar analysis involved in determining the scope of property subject to the enforcement of a tax levy. Id. None of the cases cited by Plaintiff convince the Court that Judge Bacharach's reliance on Novak was not proper. Accordingly, the Court will adopt the R&R on this point as well. Plaintiff is entitled to garnish disbursements from Defendant's retirement account whenever they are made pursuant to the terms of the plan.

## CONCLUSION

Accordingly, the Court adopts Judge Bacharach's oral R&R (Dkt. Nos. 250, 255) in its entirety. Defendant's retirement account is not exempt from garnishment, nor is Plaintiff's recovery affected by the CCPA. However, Plaintiff is not entitled to immediately garnish the corpus of the account. Defendant's Motion for Emergency Hardship Relief from Garnishments (Dkt. No. 263) is referred to Judge Bacharach for further proceedings.

IT IS SO ORDERED this 9th day of March, 2010.

*/s/ Robin J. Cauthron*
ROBIN J. CAUTHRON
United States District Judge